THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-02074-RPM

PATRICK ADAMSCHECK,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE,

      Defendant.

---

ORDER AWARDING ATTORNEY'S FEES AND COSTS TO THE PLAINTIFF

---

On July 9, 2013, the Plaintiff filed his complaint against American Family Insurance Company, alleging three claims for relief: (1) breach of insurance contract by delay and denial of payment of undersinsured motorist (UIM) benefits; (2) unreasonable delay and denial of insurance benefits in violation of C.R.S. §§ 10-3-1115 & 1116, and (3) common law insurance bad faith.

Federal jurisdiction is provided by 28 U.S.C. § 1332 (diversity of citizenship). The governing law is the law of Colorado.

The case was tried to a jury on January 26, 2015 through January 30, 2015. The jury was instructed on the Plaintiff's first and second claims for relief. The common law bad faith claim was withdrawn during trial.

On January 30, 2015, the jury delivered its verdict in favor of the Plaintiff on his claims for breach of insurance contract and statutory insurance bad faith. The jury awarded $395,561 as

the amount of the covered benefit. Under C.R.S. § 10-3-1116, the Plaintiff is entitled to recover two times the covered benefit. On January 30, 2015, the court entered judgment in the total amount of $1,186,683.00.

The Plaintiff moved to amend the judgment to include an award of prejudgment interest pursuant to C.R.S. § 13-21-101. The Plaintiff separately moved for an award of attorney's fees and costs pursuant to Fed.R.Civ.P. 54 and C.R.S. § 10-3-1116. The two motions were fully briefed.

On March 11, 2015, the court granted the Plaintiff's motion to amend the judgment to include prejudgment interest in the amount of $104,439.00. An amended final judgment was entered on March 11, 2015, in the total sum of $1,291,122.00 [#58].

The amended final judgment provides that the Plaintiff will be awarded reasonable attorney's fees and statutory costs by the filing of a bill of costs with the Clerk of the Court within fourteen days of entry of judgment.

On March 13, 2015, the Plaintiff filed a proposed bill of costs, requesting costs in the amount of $134,132.98.

Section 10-3-1116(1), C.R.S. allows a first-party claimant whose insurance claim for payment of benefits has been unreasonably delayed or denied to recover reasonable attorney fees and court costs, in addition to recovery of two times the covered benefit.

The Defendant argues that C.R.S. § 10-3-1116 does not mandate that fees be awarded to a plaintiff who successfully prosecutes a claim under that statute. The Defendant suggests that the Court should decline to award attorney's fees to the Plaintiff. That argument is contrary to the statutory language providing for entitlement.

Under both federal and Colorado law, the initial estimate of a reasonable attorney fee is determined by calculating the "lodestar" amount. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Payan v. Nash Finch Co.,* 310 P.3d 212, 217 (Colo. App. 2012). The lodestar amount "represents the number of hours reasonably expended multiplied by a reasonable hourly rate and carries with it a strong presumption of reasonableness." *Tallitsch v. Child Support Servs.*, *Inc.,* 926 P.2d 143, 147  (Colo. App. 1996).

After calculation of the initial lodestar amount, that court should deduct any hours that were not "reasonably expended." *Hensley*, 461 U.S. at 434; *Payan*, 310 P.3d at 218. That is, hours expended on work that was "excessive, redundant, or otherwise unnecessary" should be excluded to arrive at an adjusted lodestar amount.

The court then has discretion to adjust that amount upward or downward, considering relevant factors including (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Hensley*, 461 U.S. at 434, n.4 (referring to factors identified in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (Colo. 1979); *Tallitsch*, 926 P.2d at 147; Rule 1.5 of the Colorado Rules of Professional Conduct.

The Plaintiff seeks attorney's fees in the total amount of $122,936 for the work of attorneys Steven T. Nolan ("Nolan") and Joseph R. Winston ("Winston") and their assistants. Nolan and Winston are sole practitioners in different offices. The Plaintiff seeks $72,820 for services rendered by Nolan's office and $50,115 for services rendered by Winston's office.

The Plaintiff's fee request is supported by affidavits of Nolan and Winston. Each affidavit includes an attachment with an itemization of daily work, the amount of time allotted for each task, and an hourly rate for the work.

For the purpose of the lodestar calculation, Nolan valued his work is at an hourly rate of $300. Nolan employs a legal assistant, Karen S. Beach ("Beach"), who assisted him with the case. Beach's time is valued at an hourly rate of $100.

Winston valued his time at an hourly rate of $300. Winston employs a paralegal, Stephanie Knull ("Knull"), who assisted him with the case. Knull's time is valued at an hourly rate of $120. The billing information submitted with Winston's affidavit does not identify the person who did each task, but does differentiate between work valued at $300 per hour and work valued at $120 per hour.

The documentation provided by Nolan and Winston shows that the Plaintiff's fee request of $122,936 was calculated by multiplying the number of hours expended by Nolan, Beach, Winston, and Knull by those hourly rates. The Plaintiff does not suggest that any upward or downward adjustments to these "lodestar" calculations.

The Defendant contends that after adjustments to the billing rates and deductions for inadequately documented work and unnecessary work, the proper lodestar amount would be

$33,323.33. The Defendant argues that a reasonable fee for the work of both of the Plaintiff's attorneys would be no more than $33,323.33.

The Defendant characterizes the billing information provided by Nolan and Winston as inadequate, pointing out that they failed to differentiate between work attributable to each separate claim. The Defendant argues that under Colorado law, when a plaintiff prosecutes multiple claims – only one of which is premised on a statute or contract that provides for fee-shifting – the fees must be apportioned and awarded only for work done on the claim that is premised on the statute (or contract) that provides the legal authority for the fee award. In other words, the Defendant contends that in this action, fees may be awarded only for work specifically attributable to the statutory claim and the Plaintiff is not entitled to any fees attributable to prosecution of the breach of contract claim or the withdrawn common law bad faith claim. The Defendant asserts that after various adjustments to the billing rates and hours, the award should be only one-third of that adjusted lodestar amount.

To succeed on a claim for violation of C.R.S. § 10-3-1116, a plaintiff must first prevail on his claim of breach of the insurance contract. In such a case, counsel's efforts on the statutory bad faith claim cannot be distinguished from work on the litigation as a whole. The Defendant's argument is not supported by the language of the statute and, if accepted, would undercut the purpose of the statute.

The Defendant argues the hourly rates assigned to the attorneys and their assistants are not reasonable. The Defendant asserts that reasonable hourly rates should not exceed $250 for the attorneys; $100 for the paralegal (Knull) and $50 for the legal assistant (Beach). In support

of its arguments about appropriate rates, the Defendant cites the results of a survey conducted by the Colorado Bar Association in 2012.

The Defendant also argues that the documentation provided by Nolan and Winston fails to properly delineate between attorney tasks, paralegal tasks, and clerical tasks and fails to assign reasonable hourly rates to various tasks.

The hourly rates assigned to the work are not too high.  There is not a wide difference between Defendant's suggested rates and the rates which the Plaintiff employed, and a 3-year old CBA survey is not persuasive evidence for using lower rates.  Even if the hourly rates should be slightly lower, reducing the lodestar amount in that manner would be a useless exercise because it would then be necessary to make an upward adjustment to the revised lodestar amount.  For the same reason, it would be a useless exercise to comb through the billing statements to evaluate whether certain tasks should be classified as attorney work or paralegal work or clerical work.  The billing documentation indicates that the Plaintiff's attorneys prosecuted this action efficiently.

The Defendant asserts that the billing information shows that the Plaintiff is seeking fees for work incurred outside the litigation.  The Defendant points out that Winston's billing entries reflect work done in the period from January 15, 2013 through May 14, 2013, although the action was not filed until July 9, 2013.  The Defendant also points out that the Nolan's billing entries include work done five months before Nolan entered an appearance on September 25, 2013.

There is nothing unusual about a plaintiff's attorney working on a case in the months before it was filed or – in the case of Nolan – before he entered his appearance on behalf of the Plaintiff.

The Defendant characterizes the billing statements as reflecting work that was excessive, redundant or otherwise unnecessary. In particular, the Defendant objects to the time that Nolan recorded for reviewing Winston's draft of the complaint and the number of hours that the Plaintiff's attorney's recorded for preparation of jury instructions.

The Defendant characterizes some of the time entries as improper block billing. "Block billing is a form of time-keeping that involves stating the total daily time spent on a case, rather than separating out the time into individual entries describing specific activities." *Payan,* 310 P.3d at 218. The Defendant points to examples from Winston's billing records, showing that on some dates, his time or the time of his paralegal was recorded in even blocks of time.

Very few of the time entries cited by the Defendant could be classified as improper block billing. For example, the time entry on March 6, 2014, showing that Winston spent 8 hours preparing for and attending the Plaintiff's deposition, is not improper block billing. There is nothing wrong with recording 8 hours in a day for one main task. A few entries for other days could be considered improper block billing, such as the entry for January 24, 2015, which shows a single 8-hour entry for various tasks. Still, block billing is not a significant problem here because the overall amount of the requested fees is reasonable in light of the result obtained.

The Defendant argues that the requested fees are excessive when evaluated in light of various factors, such as time and labor involved, the requisite level of skill. The Defendant characterizes this issues in this action as neither complex nor novel. As to the amount involved

and the results obtained, the Defendant points out that the Plaintiff requested damages in the amount of $800,000 for breach of the insurance contract, and the jury awarded less than half of the Plaintiff's claimed damages. That argument fails to consider the importance of proving unreasonable delay under the statute, leading to an award exceeding $1.2 million, and in light of that result, a fee request of $122,936 is reasonable on its face.

The Court awards fees to the Plaintiff in the requested amount of $122,936.

The Plaintiff requests costs in the total amount of $34,132.98. The Plaintiff's itemization of the requested costs and expenses are included in the billing records attached to Nolan's and Winston's affidavits. Nolan's billing records include an itemization of costs and expenses in the amount of $7,378.20. Winston's billing records include an itemization of costs and expenses in the amount of $26,754.78. The Plaintiff has provided invoices and other documents showing bills for costs and expenses.

The Plaintiff contends that C.R.S. § 10-3-1116 authorizes his recovery of those costs and expenses.

In response, the Defendant argues that Rule 54 of the Federal Rules of Civil Procedure controls the award of costs in this action. The Defendant points out that the Plaintiff is seeking recovery of certain costs and expenses that generally are not allowed in federal court.

The law to be applied is C.R.S. § 10-3-1116, which provides for the recovery of "court costs" without a definition. Another Colorado statute, C.R.S. § 13–16–122, provides as follows:

>(1) Whenever any court of this state assesses costs pursuant to any provision of this article, such costs may include:
>
>(a) Any docket fee required by article 32 of this title or any other fee or tax required by statute to be paid to the clerk of the court;
>
>(b) The jury fees and expenses provided for in article 71 of this title;
>
>(c) Any fees required to be paid to sheriffs pursuant to section 30-1-104, C.R.S.;
>
>(d) Any fees of the court reporter for all or any part of a transcript necessarily obtained for use in this case;
>
>(e) The witness fees, including subsistence payments, mileage at the rate authorized by section 13-33-103, and charges for expert witnesses approved pursuant to section 13-33-102(4);
>
>(f) Any fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>(g) Any costs of taking depositions for the perpetuation of testimony, including reporters' fees, witness fees, expert witness fees, mileage for witnesses, and sheriff fees for service of subpoenas;
>
>(h) Any attorney fees, when authorized by statute or court rule;
>
>(i) Any fees for service of process or fees for any required publications;
>
>(j) Any item specifically authorized by statute to be included as part of the costs.

C.R.S. § 13-16-122. According to the Colorado Supreme Court, "the list of items awardable as costs in section 13–16–122 is illustrative rather than exclusive." *Cherry Creek School Dist. No. 5 v. Voelker*, 859 P.2d 805, 813 (Colo. 1993).

The disputed categories are:

<u>Travel expenses, mileage and parking expenses incurred by the Plaintiff's attorneys in connection with attendance at depositions and trial</u>

Trial courts have discretion to award such expenses as costs to the extent they were reasonably necessary for the development of the case at the time they were incurred. *See Voelker*, 859 P.2d at 813-14. The Court awards this category of expenses to the Plaintiff.

<u>Costs such as mileage and process servers fees incurred for fact or expert witnesses who did not appear at trial</u>

Under Colorado law, allowable costs include not only costs related to witnesses who testify at trial, but also those witnesses whose testimony was reasonably necessary for trial preparation. Determinations about "whether particular witness costs are reasonable and were necessarily incurred are within the district court's discretion." *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1188 (Colo. App. 2011); *see also Mgmt. Specialists, Inc. v. Northfield Ins. Co.*, 117 P.3d 32 (Colo.App. 2004). Such discretion includes the authority to award expert witness fees, even when the witness does not testify at trial. *Mgmt. Specialists,* 117 P.3d at 38-39.

The Court awards this category of costs and expenses to the Plaintiff.

<u>Mediation fees in the amount of $1,162.50</u>

The Plaintiff is not entitled to recover his share of the cost of mediation because the parties agreed to split the mediator's fees and there is no evidence that the Plaintiff reserved the right to seek recovery of his portion of those fees. *See Valentine*, 252 P.3d at 1188.

Based on the foregoing, it is

ORDERED that the Plaintiff is awarded attorney's fees in the amount of $122,936.00 and it is

FURTHER ORDERED that the Plaintiff is awarded costs in the amount of $32,970.48.

Dated: March 24, 2015

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge